IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD SHAW,

      Plaintiff,                         No.  2:09-cv-3383 JFM

    vs.

V. DEPALO,

      Defendant. ORDER

                                /

          On December 4, 2009, defendant removed this case from the Sacramento County Superior Court.  (See Dkt. No. 1.)  On January 25, 2010, plaintiff filed a "motion to dismiss," in which he requested that the court "remove or dismiss any cause of action under the name Ronald Shaw, in relation to case number 2:09-cv-3383 JFM, without delay."  (See Dkt. No. 6 at p. 2.)  Thereafter, on February 24, 2010, the action was dismissed pursuant to plaintiff's request.  (See Dkt. No. 7.)

          On December 19, 2012, plaintiff filed a motion to amend the February 24, 2010 order.  (See Dkt. No. 12.)  Plaintiff requests that the order be amended so that the matter is "returned to the Sacramento County Superior Court."  (Id.)

          Plaintiff's motion will be denied.  Liberally construed, plaintiff's motion to amend February 24, 2010 order will be construed as a motion for relief from a judgment or order

1

pursuant to Federal Rule of Civil Procedure 60(b)(1).  Rule 60(b)(1) provides that a court can relieve a party from a final judgment or order due to "mistake, inadvertence, surprise or excusable neglect."  However, a plaintiff must bring a Rule 60(b)(1) motion no more than a year after the judgment or order was entered.  See Fed. R. Civ. P. 60(c)(1).  In this case, plaintiff's December 19, 2012 motion was brought almost two years after the order was entered.  Accordingly, the motion cannot be granted pursuant to Rule 60(b)(1).

        Federal Rule of Civil Procedure 60(b)(6) provides that a party can seek relief from a final judgment or order for "any other reason that justifies relief."  Unlike Rule 60(b)(1), a motion filed pursuant to Rule 60(b)(6) need only be brought "within a reasonable time."  See Fed. R. Civ. P. 60(c)(1).  However, Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist.  See Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008).  To the extent that plaintiff's motion could be construed as also seeking relief pursuant to Rule 60(b)(6), he failed to show that extraordinary circumstances exist to warrant granting the motion.

        Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to amend the February 24, 2010 order (Dkt. No. 12.) is DENIED.

DATED: January 17, 2013.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

14
shaw3383.motamord